IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAHREEL M. TOWNSEND | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT GILMORE, et al. | : | NO. 15-1475 |
| | : | |

ORDER

AND NOW, this 15th day of March 2017, upon consideration of Petitioner Tahreel Townsend's Petition for a Writ of Habeas Corpus (Doc. No. 1), Response in Opposition to Petition for Writ of Habeas Corpus of the District Attorney of Lehigh County (Doc. No. 8), Petitioner's Traverse to Response (Doc. No 12), Magistrate Judge Marilyn Heffley's Report and Recommendation (Doc. No. 15), Petitioner's Objection and Reconsideration to Report and Recommendation (Doc. No. 22), and an independent review of the record before the Court, it is hereby ORDERED as follows:

1. Petitioner's Objections to the Report and Recommendation (Doc. No. 22) are OVERRULED.

    The Court adopts the Report and Recommendation ("R&R") by Magistrate Judge Heffley, and writes separately only to address Petitioner's objections to the R&R. In Petitioner's objection, Petitioner requests, generally, reconsideration of the Magistrate Judge's R&R. When reviewing an R&R to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Townsend raises two objections.

    First, Townsend argues the Magistrate Judge "is not authorized to hear nor recommend that Petitioner's case be dismiss[ed]." However, under 28 U.S.C. § 636 (b)(1)(B), a judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" petitions for writ of habeas corpus. Here, this Court designated Magistrate Judge Heffley to submit to the Court recommendations for the disposition of the petition. Magistrate Judge Heffley did so, in accordance with § 636 (b)(1)(B). Therefore, Townsend's objection is overruled.

Second, Townsend argues that the Magistrate Judge erred in determining that Townsend's confession followed a valid waiver of Townsend's Miranda rights. In support of this claim, Townsend asserts, "Detective William J. Lake and Glenn Granitz, Jr., arranged for another officer to arrest [him], . . . specifically instructing the officer not to advise [Townsend] of his [M]iranda rights." Until now, Townsend has not argued that his confession should have been suppressed because he did not receive a Miranda warning. Instead, in his direct appeal to the Pennsylvania Superior Court and in his petition for writ of habeas corpus to federal court, he argued that his confession should have been suppressed because it was obtained through coercion. See R&R, 4 11-18; Superior Court Opinion, 2-6. Specifically, before the Pennsylvania Superior Court, Townsend asserted he was "startled by the search of the property and his arrest," and that "police had arrested him on a simple drug charge and so he was unprepared to answer questions about the murder of Jimmy Ortiz." Superior Court Opinion, 2-3. In his federal habeas corpus petition, Townsend maintained that the officers psychologically coerced him by depriving him of sleep and food; he was threatened with being charged with another homicide; and the confession was given after his arrest for a separate, unrelated crime. R&R, 7. Magistrate Heffley properly rejected these arguments.

In Townsend's objections to the R&R, Townsend changes his voluntariness argument, asserting, for the first time, that he was never given a Miranda warning in the initial, "informal," portion of the interview with the police, which lasted approximately two hours. Objection and Reconsideration to Report and Recommendation, 2-3. Townsend also raises a challenge under Missouri v. Seibert, 542 U.S. 600, 609 (2004), asserting, "[a]t trial detective Lake acknowledged that Townsend's ultimate statement was largely a repeat of information obtained prior to the [M]iranda warnings." Id. 3.

Petitioner's new arguments are deemed waived because he did not present these issues before the Magistrate Judge. "While the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived." United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) (citing Marshall v. Chater, 75 F.3d 1421, 1426-27 (10th Cir. 1996))); see also Lee v. Tennis, 2014 WL 3900230, at *7 (M.D. Pa. Aug. 8, 2014), aff'd sub nom. Han Tak Lee v. Houtzdale SCI, 798 F.3d 159 (3d Cir. 2015); Stromberg v. Varano, 2012 WL 2849266, at *2 (E.D. Pa. July 11, 2012); Winters v. Folino, 2012 WL 2812193, at *2 (M.D. Pa. July 10, 2012). Petitioner has not shown any compelling reason to belatedly raise the new arguments; these objections are deemed waived.

      Even if not waived, the objections are without merit for three main reasons. First, Townsend fails to cite to the record or otherwise provide support for the claim that police officers failed to provide a Miranda warning at the beginning of the interview. Second, the record provides no basis for the inference that Townsend had spoken with detectives for two hours without receiving Miranda warnings, before receiving Miranda warnings and repeating his statement while being recorded. Third, although Townsend cites to the trial transcript for the assertion that Townsend's recorded statement was largely a repeat of information he had said to officers, Townsend mischaracterizes the transcript. Detective Lake testifies to the audio recording made of Townsend's statement, stating: "When Mr. Townsend first came into the interview room with us, we spoke to him without any audio recording. This lasted for approximately two hours . . . . [H]is story had actually changed during that time, and progressed. We asked Mr. Townsend if he would be willing to memorialize his statement in some fashion. He advised us that he would prefer to go on tape . . . which we did." Notes of Testimony, vol. III, 150:17-151:4. Here, Detective Lake testifies that Townsend agreed to repeat his statement after the audio recording began, not that Townsend agreed to repeat his statement after being given his Miranda warnings. Accordingly, Townsend's objection is overruled.

2. The Report and Recommendation (Doc. No. 15) is APPROVED and ADOPTED.

3. The petition for a writ of habeas corpus (Doc. No. 1) is DISMISSED without an evidentiary hearing. See Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000).

4. No certificate of appealability shall issue because reasonable jurists would not debate the correctness of this Court's ruling and Petitioner has failed to make a substantial showing of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

5. The Clerk of Court is directed to close this matter for statistical purposes.

                                                          BY THE COURT:

                                                          /s/ Legrome D. Davis

                                                          Legrome D. Davis, J.